IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) | C O M P L A I N T |
| LIFECARE MANAGEMENT SERVICES, LLC and | ) ) | JURY TRIAL DEMAND |
| LIFECARE HOSPITALS OF PITTSBURGH, INC., | ) ) | |
| Defendants. | ) ) | |

## NATURE OF THE ACTION

This is an action under Title I and Title V of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Diana Altieri-Hand (Ms. Hand) who was adversely affected by such practices. As alleged with greater particularity in paragraph 12 below, the Commission alleges that Defendant Employers discriminated against Ms. Hand, Defendant's Business Manager, because of her disability, colon cancer, by subjecting her to disparate treatment in the terms and conditions of employment, failing to provide her with a reasonable accommodation, subjecting her to a hostile work environment, subjecting her to unfair discipline, and discharging her because of her disability. As a result of the disability discrimination, Ms. Hand sustained back pay losses, and severe emotional distress damages.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans

with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The unlawful employment practices alleged below were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3), 42 U.S.C. § 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

4. At all relevant times, Defendant, LifeCare Management Services, LLC has continuously been a Louisana limited liability company doing business in the State of Pennsylvania and the City of Pittsburgh, and has continuously had at least fifteen (15) employees.

5. At all relevant times, Defendant LifeCare Management Services has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant LifeCare Management Services has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

7.  At all relevant times, Defendant, LifeCare Hospitals of Pittsburgh has continuously been a Nevada corporation doing business in the State of Pennsylvania and the City of Pittsburgh, and has continuously had at least fifteen employees.

8.  At all relevant times, Defendant LifeCare Hospitals of Pittsburgh has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

9.  At all relevant times, Defendant LifeCare Hospitals of Pittsburgh has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

10. Defendants LifeCare Management Services, LLC and LifeCare Hospitals of Pittsburgh, Inc. shall be referred to hereafter as "Defendants."

## STATEMENT OF CLAIMS

11.  More than thirty days prior to the institution of this lawsuit, Diana Altieri-Hand filed a charge with the Commission alleging violations of Title I of the ADA by Defendants, her employers. All conditions precedent to the institution of this lawsuit have been fulfilled.

12.  Commencing on or about July 1, 2007, Defendants have engaged in unlawful employment practices at its hospital in Pittsburgh, Pennsylvania, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. §§ 12112(a), by discriminating against Ms. Hand because she is disabled. The unlawful employment practices include, but are not limited to, the following:

(a)  In or about mid-August 2007, Defendants ceased providing Ms. Hand with the reasonable accommodation it had provided in the form of part-time work or working at home, and demanded that she return to work full time, with no limitations. These accommodations had

initially been granted to Ms. Hand by Defendants in March, 2007, after she underwent colon cancer surgery and chemotherapy.

(b)     After her return to full-time work, Defendants subjected Ms. Hand to disparate terms and conditions of employment by substantially increasing her responsibilities, requiring that she perform extensive data entry duties, and removing her full-time staff assistant.

(c)     Defendants subjected Ms. Hand to a hostile work environment because of her disability through the actions of Ms. Hand's new supervisor, Michael Murray, Defendant's Regional Director of Finance. The hostile work environment took the form of intense scrutiny and increased daily harassment and verbal criticism by Murray of Ms. Hand's performance.

(d)     Defendants subjected Ms. Hand to unfair discipline, and thereafter discharged her because of her status as a disabled person.

13.     The effect of the practices complained of in paragraph 12 above has been to deprive Ms. Hand of equal employment opportunities and otherwise adversely affect her status as an employee because of her disability.

14.     The unlawful employment practices complained of in paragraph 12 above were intentional.

15.     The unlawful employment practices complained of in paragraph 12 above were done with malice or with reckless indifference to the federally protected rights of Ms. Hand.


## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendants LifeCare Management Services, LLC and LifeCare Hospitals of Pittsburgh, Inc., their officers, agents, servants,

employees, attorneys, and all persons in active concert or participation with it, from discriminating against employees with disabilities.

B.      Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C.      Order Defendants to make whole Ms. Hand, by providing rightful place instatement to her previous position or one comparable thereto along with appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.      Order Defendants to make whole Ms. Hand by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 12 above, including past and future out of pocket expenses, including medical expenses, in amounts to be determined at trial.

E.      Order Defendants to make whole Ms. Hand by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 12 above, including losses due to emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.      Order Defendant to pay Ms. Hand punitive damages for its malicious and reckless conduct, as described in paragraph 12 above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.

5

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

RONALD S. COOPER
GENERAL COUNSEL

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
WASHINGTON, D.C.

JACQUELINE H. MCNAIR
REGIONAL ATTORNEY

JUDITH A. O'BOYLE
SUPERVISORY TRIAL ATTORNEY

M. JEAN CLICKNER
TRIAL ATTORNEY
PA. I.D. NO. 42738
Pittsburgh Area Office
Liberty Center, Suite 300
1001 Liberty Avenue
Pittsburgh, PA 15222
(412) 644-6439 (direct dial)
(412) 644-4935 (facsimile)