# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
                    Plaintiff, )
         and )    02: 08-cv-1358
DIANA ALTIERI-HAND, )
                 Intervenor Plaintiff, )
         v. )
LIFECARE MANAGEMENT SERVICES, )
LLC and LIFECARE HOSPITALS OF )
PITTSBURGH, INC., )
                 Defendants. )

## MEMORANDUM ORDER

Presently before the Court are the following:

• MOTION TO QUASH NOTICE OF RULE 30(b)(6) DEPOSITION, with brief in support, filed by Plaintiff Equal Employment Opportunity Commission (Document Nos. 32 and 33);

• MOTION FOR PROTECTIVE ORDER, with brief in support, filed by Plaintiff Equal Employment Opportunity Commission (Document Nos. 34 and 35);

• The BRIEF IN OPPOSITION TO PLAINTIFF EEOCS MOTION TO QUASH NOTICE OF RULE 30(b)(6) DEPOSITION AND MOTION FOR PROTECTIVE ORDER, filed by Defendants, LifeCare Management Services, LLC and LifeCare Hospitals of Pittsburgh, Inc. (Document No. 41); and

• The MOTION TO STRIKE EXHIBITS AND FOR SANCTIONS filed by Defendants, LifeCare Management Services, LLC and LifeCare Hospitals of Pittsburgh, Inc. (Document No. 41) and the MEMORANDUM IN OPPOSITION filed by Plaintiff Equal Employment Opportunity Commission (Document No. 42).

The Motions will be addressed seriatim.

A.    Motion to Quash / Motion for Protective Order

On February 19, 2009, Defendants served upon the EEOC a Notice of Rule 30(b)(6) Deposition and noticed the deposition of Paul Southworth, the EEOC investigator who investigated the December 2007 Charge of Discrimination filed by Diana Altieri-Hand. The depositions are scheduled to begin on Tuesday, April 21, 2009.

On March 5, 2009, the EEOC filed the instant Motion to Quash Notice of Rule 30(b)(6) Deposition and Motion for Protective Order (collectively referred to as the "Motions").[1] The EEOC's primary argument in support of its position to quash the Rule 30(b)(6) deposition is that Defendants are not entitled to conduct the depositions of a representative of the EEOC because any information this undisclosed representative may have is privileged. The EEOC argues that to the extent Defendants may obtain testimony about facts which the EEOC discovered during its investigation of the Charge, "Defendants may do so through at (sic) the deposition of EEOC Investigator Paul Southworth. Thus, . . . , Plaintiff

---

[1] With minor, immaterial exceptions, the briefs in support of these Motions are identical. In both, the EEOC argues that the Rule 30(b)(6) Notice of Deposition should be quashed, that the EEOC is entitled to a protective order, and that no discovery is permissible with respect to the EEOC's good faith efforts to conciliate this matter before the filing of this lawsuit.

2

EEOC respectfully requests that this Court grant its Motion to Quash the Notice of Rule 30(b)(6) Deposition of an EEOC designee." (Doc. 33 at 16.)

In its Motion for a Protective Order, the EEOC requests that the Court "enter an Order that no EEOC employee shall be compelled to give deposition testimony regarding any matter other than facts which were gleaned by the EEOC during the investigation of the Charge." (Doc. 35 at 15.) Additionally, the EEOC states that while it "prefers not to subject its investigators to the time imposition of litigation depositions, it will produce Mr. Southworth, but will limit his testimony to inquiries about facts which were discovered during the investigation of the Charge." (Doc. 35 at 4.)

The EEOC contends that the information sought by the Rule 30(b)(6) Notice may be categorized into three areas of discovery: (i) facts obtained by the EEOC during its investigation of the Charge underlying this litigation; (ii) EEOC's internal processing and/or analysis related to the cause determination; and (iii) the EEOC's decision-making process surrounding its administrative conciliation of the Charge. (Doc. 33 at 3). The Notice of the Deposition of Paul Southworth did not specify the intended areas of inquiry; however, "the EEOC anticipates that the Defendant (sic) will attempt to question Mr. Southworth about the same matters listed in the Rule 30(b)(6) Notice." Not surprisingly, Defendants strenuously object to the EEOC's characterization of its intended areas of requested discovery, and argue that they are seeking only "discoverable facts relating to the EEOC's underlying investigation . . . ." (Doc. 41 at 2.)

After reviewing the Notice of the Deposition, the Court agrees with Defendants and finds that Defendants are seeking facts obtained by the EEOC during its underlying

3

investigation, not any information related to the EEOC's opinions, analysis, or legal theories with respect to the Charge. (*See* Defs' Rule 30(b)(6) Notice of Deposition, Docket #33-2, Exh. A.)

Moreover, the Court finds and rules that the EEOC cannot seek protection from Defendants' 30(b)(6) Notice of Deposition by unilaterally declaring all information known to the EEOC as privileged, specifically, the EEOC contends that the inquiries to the Rule 30(b)(6) representative will invade the "deliberative process privilege." First, unless and until Defendants actually ask a question at the deposition that intrudes upon the deliberative process privilege or any other alleged applicable privilege, the Court finds that the EEOC's objections are premature. Furthermore, it should be noted that the deliberative process privilege only protects the opinions, recommendations, and deliberations of the EEOC, not the underlying factual information. *Branch v. Phillips Petroleum Co.*, 638 F.2d 873, 882 (5th Cir. 1981).[2]

The Court finds and rules that the EEOC, like all other litigants, should object to actual questions which it believes invade any applicable privilege during the deposition and cannot be granted unwarranted or overly broad protections prior to any questions being asked of the deponent.

The EEOC also appears to argue that because it has provided Defendants with its investigative file, the Rule 30(b)(6) deposition is not necessary. The Court finds this argument also to be without merit. Providing its investigative file simply does not relieve the EEOC of

---

[2] Defendants also argue that, assuming that Defendants were seeking information protected by the deliberative process privilege, the EEOC has failed to invoke the proper procedure for asserting this privilege. Because the Court has ruled that any assertion of a privilege is premature at this time, the Court will not address this argument.

its obligation under Rule 30(b)(6) to provide a witness to answer questions about those documents for purposes of clarification and interpretation. *See Tri-State Hosp. Supply Corp. v. United States of Am.*, 226 F.R.D. 118, 125-26 (D. D.C. 2005).

EEOC's final argument is that Defendants' request regarding "[t]he EEOC's efforts to conciliate the Charge of Discrimination" is not proper because the EEOC is "entitled to be protected from producing testimony or protected documents regarding the administrative conciliation process." (Doc. 35 at 10.) The EEOC argues that it has fulfilled its obligation to conciliate and, therefore, discovery of such information is not necessary and not relevant. In support of its Motions, the EEOC attached to its Motions a proposed Conciliation Agreement and an exchange of correspondence between it and the Defendants related to conciliation and offers of settlement. The EEOC contends that the "undisputed facts are sufficient for this Court to determine that the EEOC fulfilled its statutory duty to engage in the conciliation process. Any further information which Defendant (sic) might seek by way of deposition can only go to the EEOC's decision making process or deliberations and, thus, is immune from disclosure by the agency's Deliberative Process Privilege." (Doc. 35 at 15.) [3]

It is not disputed that Defendants have raised the affirmative defense that the EEOC failed to engage in conciliation in good faith. The Court finds and rules that, despite the EEOC's belief that it fulfilled its statutory obligation to conciliate before filing this lawsuit, the Defendants are entitled to discovery on the issue before any dispositive ruling. The Court does

---

[3] Defendants strongly object to the EEOC's public disclosure of these documents and have asked the Court to strike said documents and to sanction the EEOC for its failure to abide by 42 U.S.C. § 2000e-5(b). Those issues will be addressed by the Court in its ruling on Defendants' Motion to Strike and for Sanctions, *infra.*

5

not interpret Defendants' request to be delving into the substantive aspect of any conciliation negotiations, but rather simply requests information which pertains to the efforts and actions of the EEOC to conciliate the Charge. The deposition of the EEOC representative regarding its conciliation efforts will allow Defendants to explore and develop evidence of whether the EEOC actually made efforts and/or took actions to conciliate in good faith. *See EEOC v. Mobil Oil Corp.*, No. 73cv139-W-2, 1973 WL 231, *1 (W.D. Mo. Sept. 17, 1973) ("the objective operative facts" of the conciliation process are relevant and subject to discovery.)

For all the aforementioned reasons, the Motion to Quash and the Motion for Protective Order are **DENIED**. Furthermore, to the extent that the EEOC is seeking a dispositive ruling on Defendants' affirmative defense of the failure of the EEOC to conciliate in good faith, such request is **DENIED** without prejudice to the EEOC raising the issue at the appropriate time.

B.   Motion to Strike / Motion for Sanctions

As stated *supra*, on Thursday, March 5, 2009, the EEOC filed its Motions. In support of these Motions, the EEOC attached a proposed Conciliation Agreement and an exchange of correspondence between it and Defendants related to the EEOC's conciliation efforts. Because of the seeming emergent nature of the Motions, the Court immediately reviewed the Motions and the attachments, which are the very subject of the Motion to Strike and for Sanctions. The Court was not aware that any controversy was brewing over the filing of the conciliation exhibits.

On Monday, March 9, 2009, counsel for the EEOC filed a Motion to Seal Appendices, in which it was reported that Defendants had agreed to the sealing of the conciliation exhibits. On March 10, 2009, in reliance upon the representation of the EEOC that the parties had agreed that the conciliation exhibits be sealed, the Court granted the Motion to Seal Appendices. Later that same day, Defendants filed the instant Motion to Strike Exhibits and for Sanctions.

In their Motion, Defendants portray a much different scenario of the situation surrounding the filing of the Motion to Seal Appendices. Defendants represent that on March 6, 2009, the day following their receipt of the EEOC's Motions, counsel for Defendants contacted counsel for the EEOC and explained that the filing of the conciliatory exhibits was in error and requested that same be immediately addressed. On March 9, 2009, counsel for Defendants spoke again with counsel for the EEOC and requested that the conciliation documents be stricken from the docket; at no time did counsel for Defendants ever agree that sealing the documents was an acceptable solution. Accordingly, the Motion to Seal Appendices erroneously reported to the Court that Defendants had agreed to the sealing of the conciliation exhibits. Defendants contend that, even under seal, these documents inappropriately disclosed to the Court and its staff the confidential discussion related to resolution of this matter, which information it would normally not have had access.

Title 42, United States Code, section 2000e-5(b) instructs that any information exchanged during the conciliation process is confidential:

> If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion. <u>Nothing</u>

7

> said or done during and as part of such informal endeavors may be made
> public by the Commission, its officers or employees, or used as evidence
> in a subsequent proceeding without the written consent of the persons
> concerned. Any person who makes public information in violation of this
> subsection shall be fined not more than $1,000 or imprisoned for not more
> than one year, or both.

42 U.S.C. § 2000e-5(b) (emphasis added).

In the case *sub judice,* the EEOC disclosed and used as evidence a proposed Conciliation Agreement and an exchange of correspondence during the conciliation process between Defendants and the EEOC, undeniably without the written consent of Defendants. The EEOC, without citing to any authority, defends its disclosures by arguing that "Defendants noticed the Rule 30(b)(6) deposition in an attempt to obtain information to support their defense. Thus, Defendants have *de facto* waived their right to the statutory limitation on use of the conciliation documents in the instant litigation." (Doc. 42 at 3.) Further, the EEOC argues that "Defendants' actions waived any obligation EEOC might have had to seek their written consent to allow use of the conciliation documents in this litigation. Alternatively, and put in terms of the statutory prohibition, it is clear that by signing their Answer and Notice, defendants provided sufficient 'written consent' to allow disclosure by the EEOC." (*Id.*)

The Court through its independent research has not found any support for the EEOC's position that "by signing their Answer and Notice," Defendants have provided any form of "written consent" to allow disclosure of the subject information by the EEOC. The plain language of the statute prohibits disclosure by the Commission of these documents, with no exceptions, and vests in the persons concerned the discretion to consent or not consent to such disclosure.

The Court finds that the disclosure of these documents by the EEOC is clearly forbidden by referenced statute and, therefore, these documents must be stricken from the record. Accordingly, the Motion to Strike is **GRANTED** and the Clerk is directed to strike Exhibits B-F of the EEOC's appendices.

Defendants have also asked that the Court sanction the EEOC for its violation of 42 U.S.C. § 2000e-5(b). While the Court has ruled that the EEOC violated the disclosure prohibition of 42 U.S.C. § 2000e-5(b), the Court finds that, under the circumstances of this case, sanctions are an extreme remedy which is not warranted. Therefore, Defendants' request for sanctions is **DENIED.**

C.  Sua Sponte Recusal - 28 U.S.C. § 455(a)

Defendants have expressed concern that one of the problems with the disclosure of the conciliation exhibits, even under seal, is that "the Court and its staff" had access to information which it "would normally not have access." The concern of the Defendants is real, as the Court reviewed the conciliation exhibits immediately upon being made aware of the filing of the Plaintiffs' Motions and the seemingly emergent nature of the Motions. It was not until the filing of Defendants' Motion to Strike that the Court was informed that Defendants had not given written consent to this disclosure.

The issue of whether the EEOC attempted to conciliate the underlying charge in good faith is a legal matter for the Court to determine, not the jury. *EEOC v. Equicredit Corp. of Am.*, NO. 02-cv-844, 2002 WL 3137198, *3-4 (E.D. Pa. 2002); *EEOC v. Rhone-Poulenc, Inc.*, 677 F. Supp. 264, 266 (D.N.J. 1988). However, a court should not scrutinize "the details of the

offers and counteroffers between the parties," or "impose its notions of what the agreement should provide, any more than it would if dealing with labor contract negotiations under the Labor Management Relations Act." *EEOC v. Zia Co.*, 582 F.2d 527, 533 (10th Cir. 1978). *See also EEOC v. Keco Indus., Inc.*, 748 F.2d 1097, 1102 (6th Cir. 1984); *EEOC v. Mitsubishi Motor Mfg. of Am.*, 990 F. Supp. 1059, 1091 (C.D. Ill.1 998); *EEOC v. Pacific Maritime Ass'n*, 188 F.R.D. 379, 381 (D. Or. 1999).

In its filings, Defendants represent that in asserting their affirmative defense that the EEOC did not engage in conciliation efforts in good faith they "have no intention of disclosing their monetary offer of settlement under any circumstances." However, the Court now is fully aware of the specifics of both the EEOC's settlement demand and the offer made in response by Defendants.

Neither party has moved for the recusal of this member of the Court. However, even if the parties do not move for recusal, title 28, United States Code, section 455, creates an independent duty which requires federal judges to evaluate in every case whether they should disqualify themselves. *See* 28 U.S.C. § 455(a) (stating that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."); *Alexander v. Primerica Holdings, Inc*., 10 F.3d 155, 162 (3d Cir. 1993) (holding that section 455 "commands the judge to disqualify himself sua sponte" ).

After careful and deliberate consideration, the Court is concerned that its intimate knowledge of the details contained in the conciliation documents might reasonably result in one the parties questioning the impartiality of the Court. Accordingly, in accordance with title 28,

United States Code, section 455, the Court hereby recuses itself in connection with this action.

The Clerk is directed to reassign this case to another member of the Court forthwith.

        So **ORDERED** this 17th day of March, 2009.

        BY THE COURT:

        s/Terrence F. McVerry
        United States District Court Judge

cc:        M. Jean Clickner, Esquire
        Equal Employment Opportunity Commission
        Email: jean.clickner@eeoc.gov

        David F. Weiner, Esquire
        Carlin & Weiner
        Email: officemanager@prosuites.com

        Helen R. Kotler, Esquire
        Email: hrkotler@yahoo.com

        Theodore A. Schroeder, Esquire
        Littler Mendelson
        Email: tschroeder@littler.com

        Christopher Michalski, Esquire
        Littler Mendelson
        Email: cmichalski@littler.com