IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | CIVIL ACTION NO. 08-1358 |
| Plaintiff, | ) ) | Honorable Gary L. Lancaster |
| v. | ) ) ) | |
| LIFECARE MANAGEMENT SERVICES, LLC and LIFECARE HOSPITALS OF PITTSBURGH, INC., | ) ) ) ) ) | |
| Defendants. | ) | |

## CONSENT DECREE

### INTRODUCTION

A.    This action was instituted by the United States Equal Employment Opportunity Commission ("the EEOC") on September 30, 2008, against Defendants Lifecare Management Services, LLC and LifeCare Hospitals of Pittsburgh, Inc, to enforce provisions of Title I and Title V of the Americans with Disabilities Act of 1990 ("ADA"). The EEOC alleged that Defendants subjected a former employee, Diana Altieri-Hand, to discrimination and retaliation on the basis of her disability.

B.    This Consent Decree is entered into by the EEOC and LifeCare Hospitals of Pittsburgh, Inc. ("LHP"). This Consent Decree shall be final and binding between the EEOC and LHP, its directors, officers, agents, and employees.

C.    The EEOC and LHP do hereby agree to the entry of this Consent Decree, which shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in

1

Civil Action No. 08-1358. This Consent Decree shall not constitute an adjudication of or finding on the merits of the case, cannot be used as evidence in any other lawsuit or claim, and shall not be construed as an admission by Defendants of any violation of the ADA.

## CONSENT DECREE

Upon consent of the parties to this action, it is hereby ORDERED, ADJUDGED, and DECREED that:

## NON-DISCRIMINATION AND NON-RETALIATION

1.     This Court has jurisdiction over the parties and the subject matter of this action.

2.     LHP shall not engage in any employment practice which constitutes unlawful discrimination under ADA.

3.     LHP shall not engage in any employment practices which retaliate in any manner against any person, including but not limited to Diana Altieri-Hand, because of that person's opposition to any practice alleged or believed to be unlawful under the ADA, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any manner in any investigation, hearing or proceeding under the ADA.

4.     LHP, through its managers or agents with authority to act on its behalf, shall not divulge, directly or indirectly, to any employer or potential employer of Diana Altieri-Hand any of the facts or circumstances related to the charge of discrimination against Defendants or any of the events relating to Diana Altieri-Hand's participation in the litigation of this matter, except that Defendants may disclose such information if compelled by subpoena or other court order directing such disclosure.

5.     LHP shall comply fully with all provisions of the ADA. Nothing in this Consent

2

Decree, either by inclusion or exclusion, shall be construed to limit the obligations of LHP under the ADA or the EEOC's authority to process or litigate any charge of discrimination which may be filed against Defendants in the future.

## MONETARY RELIEF

6.     LHP agrees to pay monetary relief to Diana Altieri-Hand in the gross amount of One Hundred Thousand Dollars and No Cents ($100,000.00). In order to receive the monetary relief, Ms. Altieri-Hand must enter into a mutually agreeable Release with LHP. Within fifteen (15) business days of receipt of the Release, Defendants will mail a photocopy of the payment made to Ms. Altieri-Hand to the EEOC, to the attention of M. Jean Clickner, Senior Trial Attorney, Equal Employment Opportunity Commission, 1000 Liberty Avenue, Suite 1112, Pittsburgh, PA 15222.

## RECORD KEEPING

7.     For a period of one (1) year following entry of this Decree, LHP shall maintain and make available for inspection and copying by the EEOC records of each complaint of any incident of discrimination on the basis of disability of which it receives notice under its policy. Each such report shall indicate the date the complaint of discrimination was made, who made it, what was alleged, and the resolution of the matter. By designating an incident or complaint as "an incident of disability discrimination" LHP does not admit that such incident or complaint constitutes unlawful conduct under the ADA.

8.     LHP shall make all documents or records referred to in Paragraph 7, above, available for inspection and copying within thirty (30) business days after the EEOC so requests in writing.

3

9.     Nothing contained in this Decree shall be construed to limit any obligation LHP may otherwise have to maintain records under the ADA or any other law or regulation.

## REPORTING

10.     LHP shall furnish to the EEOC a written report within twelve (12) months after entry of the Decree. This report shall contain a summary of the information recorded by LHP pursuant to Paragraph 7, including the name of the complainant, the allegation of the complaint and the action taken by LHP in response to said complaint.

## TRAINING

11.     During the term of this Decree, LHP shall provide training on the requirements of the ADA on the following terms:

(a)     LHP agrees to provide annual training to all of its employees on an employee's rights and the employer's obligations under the ADA. This training will emphasize what constitutes unlawful harassment in the workplace, the obligation to provide reasonable accommodations, how to keep the company free of any such form of discrimination, and what constitutes unlawful retaliation. In the event an employee is unable to attend the training, LHP will show the training required by this Consent Decree by way of videotape, DVD, CD rom, written materials, or online training.

(b)     The training will be provided to all of LHP's employees. In the event an employee is hired after the date of the required training sessions, LHP agrees that, as part of the new employee orientation, it will show the training required by this Consent Decree by way of videotape, DVD, CD rom, written materials or on-line training.

4

Records of the new employee orientation will be maintained and will be made available to EEOC for inspection and copying at the EEOC's request. A registry of attendance shall be retained by LHP for the duration of the Consent Decree.

12.    In addition to the training described in Paragraph 11, LHP shall provide training to all appropriate supervisory and management personnel regarding conducting a prompt and effective investigation into allegations, complaints, or charges of employment discrimination.

13.    LHP agrees to provide the EEOC with any and all copies of pamphlets, brochures, outlines or other written materials provided to the participants of the training sessions.

14.    LHP shall certify to the EEOC in writing within ten (10) buisness days after the training sessions required by Paragraphs 11 and 12 above have occurred that the training has taken place and that the required personnel have attended. Such certification shall include: (i) the dates, location and duration of the training session; (ii) a copy of the registry of attendance, which shall include the name and position of each person in attendance; and (iii) a listing of all current employees as of the date of the training.

## DISPUTE RESOLUTION

15.    In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify in writing the other party of the alleged non-compliance within ten (10) days of the alleged non-compliance and shall afford the alleged non-complying party thirty (30) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged noncomplying party has not remedied the alleged non-

5

compliance or satisfied the complaining party that it has complied within thirty (30) business days, the complaining party may apply to the Court for appropriate relief.

## MISCELLANEOUS PROVISIONS

16. Each party to this Decree shall bear its own expenses, costs and attorneys' fees.

17. The terms of this Decree are and shall be binding upon the present and future representatives, agents, directors, or officers of LHP in their capacities as representatives, agents, directors and officers of Defendants, and not in their individual capacities. This paragraph shall not be construed as placing any limit on remedies available to the Court in the event that any party to this Decree is found to be in contempt for a violation of this Decree.

18. This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in Civil Action No. 08-1358 (W.D. Pa.).

19. This Consent Decree shall be filed in the United States District Court for the Western District of Pennsylvania and shall continue to be in effect for a period of one (1) year. Any application by any party to modify or vacate this Consent Decree during such period shall be made by motion to the Court on no less than thirty (30) days written notice to the other party.

20. The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

LIFECARE HOSPITALS OF PITTSBURGH, INC.

*[signature]*

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

JAMES L. LEE
DEPUTY GENERAL COUNSEL

GWENDOLYN YOUNG REAMS
ASSOCIATE GENERAL COUNSEL
Washington, D.C.

*[signature]* (JAS)
DEBRA LAWRENCE
ACTING REGIONAL ATTORNEY

*[signature]*
JUDITH O'BOYLE
SUPERVISORY TRIAL ATTORNEY

*[signature]*
M. JEAN CLICKNER
SENIOR TRIAL ATTORNEY
Pa. I.D. No. 42738
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Pittsburgh Area Office
William S. Moorhead Federal Building
1000 Liberty Avenue, Suite 1112
Pittsburgh, PA 15222
(412) 395-5843
(412) 395-5749 (facsimile)
jean.clickner@eeoc.gov

IT IS SO ORDERED:

BY THE COURT: *[signature]*     DATE: 5/12/09

JUDGE GARY L. LANCASTER
U.S. DISTRICT JUDGE

Pirmwide:89316027.1 053244.1014

7